IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OWEN WELCH, | : | |
|     Petitioner | : | No. 1:25-cv-02254 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| JESSICA SAGE, Warden Lewisburg, | : | |
|     Respondent | : | |

**MEMORANDUM**

Presently before the Court are an application for leave to proceed in forma pauperis ("IFP Application") and a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Owen Welch ("Welch"). For the reasons stated below, the Court will deny the IFP Application as moot, dismiss Welch's habeas petition, and direct the Clerk of Court to close the case.

I.   **BACKGROUND**

On December 10, 2024, Welch was sentenced to forty-one (41) months of federal incarceration after pleading guilty to felon in possession of a firearm (18 U.S.C. § 922(g)) and conspiracy to traffic firearms (18 U.S.C. § 371) in the United States District Court for the Eastern District of New York ("EDNY"). See (Doc. No. 1 at 1); United States v. Welch, No. 22-cr-00341-7 (E.D.N.Y. filed June 28, 2022), ECF No. 240.[1] Ross did not file a direct appeal to the Second Circuit Court of Appeals; however, he filed a motion for compassionate release under

---

[1] The Court takes judicial notice of the docket in Welch's underlying criminal case. See Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket). The Court also notes that although Welch's criminal judgment was not entered until December 10, 2024, his sentencing hearing occurred on November 6, 2024. See United States v. Welch, No. 22-cr-00341-7 (E.D.N.Y.), ECF No. 253 (transcript of sentencing hearing).

18 U.S.C. § 3582(c)(1)(A) on November 13, 2025, which is still pending before the EDNY.  See United States v. Welch, No. 22-cr-00341-7 (E.D.N.Y. filed Nov. 13, 2025), ECF No. 261.

Welch commenced the instant action by filing his Section 2241 habeas petition, which the Clerk of Court docketed on November 24, 2025.  (Doc. No. 1.)[2]  In his petition, Welch asks this Court to set aside his sentence or, in the alternative, modify his sentence to "time served," because he believes that 18 U.S.C. § 922(g) violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  (Id. at 6–7.)

## II.   LEGAL STANDARDS

### A.   Screening of Habeas Petitions

District courts are obligated to screen habeas petitions pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  See R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the court must promptly examine it.").  Rule 4 may be applied in habeas cases brought under Section 2241.  See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). "[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Lonchar v. Thomas, 517 U.S. 314, 320 (1996); see also McFarland v. Scott, 512

---

[2]  Welch did not pay the fee or seek leave to proceed in forma pauperis when he filed his petition; however, he remitted the $5.00 fee on December 18, 2025.  See (Unnumbered Docket Entry After Doc. No. 5).  Although he paid the fee, he filed his IFP Application the following day.  (Doc. No. 6.)  The Court will deny the IFP Application as moot since Welch already paid the fee.  Even if the Court considered the merits of the IFP Application, the Court would deny it due to Welch's failure to submit a certified prisoner trust fund account statement along with the IFP Application as required by 28 U.S.C. § 1915(a)(2).

U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

B.    **Section 2241 Habeas Petitions**

Section 2241 confers federal jurisdiction over a habeas petition that has been filed by a federal inmate challenging "not the validity but the execution of [their] sentence." See Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (citations and footnote omitted); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (stating that Section 2241 "allows a federal prisoner to challenge the 'execution' of his sentence in habeas"). While "the precise meaning of 'execution of the sentence' is hazy[,]" the phrase has been interpreted as to "put into effect" or "carry out." See Woodall, 432 F.3d at 242, 243 (citation omitted). As a result, a federal inmate may challenge conduct undertaken by the BOP that affects the duration of the inmate's custody. See, e.g., Barden v. Keohane, 921 F.2d 476, 478–79 (3d Cir. 1990) (finding that a federal inmate's Section 2241 petition is actionable where the inmate attacks the term of their custody by challenging the way the BOP is computing their federal sentence).

III.    **DISCUSSION**

Federal prisoners such as Welch seeking post-conviction relief from their judgment of conviction or the sentence imposed are generally required to bring their collateral challenges pursuant to 28 U.S.C. § 2255 in the federal court in which they were sentenced. See 28 U.S.C. § 2255(e); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." (citing Davis v. United States, 417 U.S. 333, 343 (1974))). Federal prisoners may only challenge their conviction through a Section 2241 habeas petition if a Section 2255 motion is "inadequate or

ineffective to test the legality of [their] detention." See 28 U.S.C. § 2255(e); see also Jones v. Hendrix, 599 U.S. 465, 474 (2023) (explaining that in enacting Section 2255 "Congress generally barred federal prisoners 'authorized to apply for relief by motion pursuant to' § 2255 from applying 'for a writ of habeas corpus' under § 2241[, but it]preserved the habeas remedy in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention'" (second alteration in original) (quoting 28 U.S.C. § 2255(e))).

To demonstrate that a Section 2255 motion is "inadequate or ineffective," a Section 2241 habeas petitioner must show "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording [them] a full hearing and adjudication of [their] wrongful detention claim." See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). Significantly, Section 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." See id. at 539. "It is the inefficacy of the [Section 2255] remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

Here, Welch seeks habeas corpus relief pursuant to Section 2241 because he asserts that his Section 922(g) conviction is invalid insofar as the statute violates the Equal Protection Clause. Through this claim, Welch clearly challenges the legality of his conviction, and he has not shown, or even argued, that Section 2255 is inadequate or ineffective to adjudicate his claim. Thus, Welch must present his claims in a Section 2255 motion in the sentencing court, i.e., the EDNY, and this Court lacks jurisdiction to decide his petition. Accordingly, because Welch's claim is not cognizable in a Section 2241 habeas corpus petition, the Court will dismiss his petition without prejudice for lack of subject-matter jurisdiction.

## IV. CONCLUSION

For the reasons stated above, the Court will deny as moot the IFP Application, dismiss without prejudice Welch's Section 2241 petition for lack of subject-matter jurisdiction, and direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
